UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-22645-CIV-ALTONAGA/Goodman

**ELEANOR BROWN**,

    Plaintiff,

v.

**OCEANIA CRUISES, INC.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Eleanor Brown's Motion for Summary Judgment ("Plaintiff's Motion") [ECF No. 79][1], filed March 12, 2018, and Defendant, Oceania Cruises Inc.'s Motion for Summary Judgment ("Defendant's Motion") [ECF No. 74][2], filed March 6, 2018. The Court has carefully considered the parties' submissions, their numerous exhibits, the record, and applicable law.

### I.     BACKGROUND

This is a maritime personal injury action. Plaintiff is a resident of Delray Beach, Florida, who, at the time of the subject incident, was 78 years old. (*See* Def.'s Resp. to Facts ¶ 1). Plaintiff and her husband, Joel Brown, were passengers on the cruise ship *Riviera*, which left

---

[1] Defendant, Oceania Cruises Inc., filed a Response ("Defendant's Response") [ECF No. 95], to which Plaintiff filed a Reply ("Plaintiff's Reply") [ECF No. 107]. In support of her Motion, Plaintiff filed a Statement of Material Facts ("Plaintiff's Facts") [ECF No. 78], to which Defendant filed a Response ("Defendant's Response to Facts") [ECF No. 96]. Plaintiff filed a Reply to Defendant's Response to her Statement of Facts ("Plaintiff's Facts Reply") [ECF No. 109].

[2] Plaintiff submitted a Response ("Plaintiff's Response") [ECF No. 83], to which Defendant filed a Reply ("Defendant's Reply") [ECF No. 93]. Additionally, Defendant filed a Statement of Undisputed Facts in Support of its Motion ("Defendant's Facts") [ECF No. 73], to which Plaintiff filed a Response ("Plaintiff's Response to Facts") [ECF No. 84]. Defendant filed a Reply to Plaintiff's Response to its Statement of Undisputed Facts ("Defendant's Facts Reply") [ECF No. 94].

port on January 3, 2017 and returned on January 13, 2017. (*See* Pl.'s Facts ¶ 2). Plaintiff, her husband, and their friends often go on cruises as a group. (*See* Def.'s Facts ¶ 3). On these cruises, the group participates in shore tours together, which the group selects and purchases based on the cruise lines' marketing materials. (*See id.* ¶ 4). When choosing a shore excursion, the group eliminates from its consideration all tours with easy or difficult/strenuous symbols, considering only tours with "moderate" symbols. (*Id.* ¶ 5 (internal quotation marks omitted)).

During their January cruise, Plaintiff and her group purchased and participated in the Virgin Gorda and the Baths Excursion (the "Excursion") in Tortola, British Virgin Islands. (*See id.* ¶ 9; *see also* Pl.'s Facts ¶ 3). Plaintiff chose the excursion after she received the Cruise Vacation Guide, a marketing advertisement sent to her by Defendant. (*See* Def.'s Resp. to Facts ¶ 7). Plaintiff alleges Defendant created the advertisement (*see* Pl.'s Facts ¶ 7), while Defendant states it was created and written by the Excursion tour operator (*see* Def.'s Resp. to Facts ¶ 7). The advertisement described the Excursion as a "moderate activity." (Def.'s Facts ¶ 20 (internal quotation marks omitted); *see also* Pl.'s Facts ¶ 13; Def.'s Resp. to Facts ¶ 13).

Several other major cruise lines also market the Excursion, although the excursions offered by each cruise line may not be identical. (*See* Def.'s Facts ¶ 27; *see also* Pl.'s Resp. to Facts ¶ 27). Defendant's sister company, Seven Seas Cruises (also known as Regent) rates the Excursion a "strenuous activity," but its definition of strenuous may differ from Defendant's. (Pl.'s Facts ¶ 17 (internal quotation marks omitted); *see also* Def.'s Resp. to Facts ¶ 17). Defendant's parent company, NCL (Bahamas) Ltd., rates the Excursion an "Activity Level 3" (Def.'s Resp. to Facts ¶ 22 (internal quotation marks omitted)), which Plaintiff claims equates to a "strenuous activity" rating (Pl.'s Facts Reply ¶ 22 (internal quotation marks omitted)). Defendant disagrees, stating NCL's rating system is not comparable to Defendant's own. (*See*

Def.'s Resp. to Facts ¶ 22).

Defendant notes a number of other cruise lines market the Excursion with varying descriptions, including "strenuous," "active," "an extensive amount of walking over steep and slippery terrain," and "moderate." (Def.'s Facts ¶¶ 30–34 (internal quotation marks omitted)). Defendant asserts the descriptions and warnings given by other cruise lines regarding the Excursion are substantially similar to its own. (*See id.*). Plaintiff disputes Defendant's comparison of its description and warnings to those of other cruise lines because there may be "discrepancies" between Defendant's tour and those offered by other companies. (Pl.'s Resp. to Facts ¶¶ 30–34).

On the day of the Excursion, Plaintiff left the cruise ship by ferry and subsequently was taken to the Excursion site by bus. (*See* Pl.'s Facts ¶ 34). The Excursion included a walking portion leading to a beach where Excursion participants could relax and explore the area. (*See id.* ¶ 37). Before embarking on the Excursion, Plaintiff signed a release applying to "all activities" arranged by the tour operator. (Plaintiff's Deposition [ECF No. 65-1] 94: 22–23; *see also* Release [ECF No. 65-4]).

The Release stated "I understand that the Activities can involve risks and dangers of damage to personal property and serious bodily injury . . . I fully accept and assume all such risks and responsibility for losses, costs, and damages I incur as a result of my participation." (Release 1 (alteration added)). The Release defined the "activities" as "hiking the dirt paths to/from The Baths and Devils Bay, swimming, snorkeling, jumping or diving in the waters/pools at The Baths and the Devils Bay, climbing on rocks and through the boulder trail between The Baths and Devils Bay, including all unmarked trails in this National Park territory." (*Id.*).

While hiking the trail to the beach, Plaintiff did not hurry and was very careful.

(*See* Def.'s Facts ¶ 49). She was surprised to find boulders on the path, but nevertheless continued hiking until she came to the last boulder. (*See* Def.'s Facts ¶¶ 47 & 51). When Plaintiff stepped onto the final boulder, she turned around to look for her husband. (*See id.* ¶¶ 51–52; *see also* Pl.'s Facts ¶ 48). As she turned around, Plaintiff's foot got caught between two boulders and her ankle broke. (*See* Def.'s Facts ¶ 55; Pl.'s Facts ¶ 48). Medical personnel treated Plaintiff on the scene, transported her to a medical facility, and then transported her back to the cruise ship. (*See* Pl.'s Facts ¶¶ 54–56).

After the cruise ship's doctor recommended Plaintiff disembark because of her injury, Plaintiff left the ship and was transported to People's Hospital in Tortola. (*See id.* ¶¶ 57–58). At the hospital, Plaintiff refused surgery on her broken ankle and was cleared to return home. (*See id.* ¶¶ 59-62). Once back in Florida, Plaintiff visited her doctor, Dr. Kevin Palmer, who took x-rays and informed her she needed surgery. (*See id.* ¶ 63). Plaintiff had surgery on her ankle and was confined to a wheelchair for several weeks. (*See id.* ¶ 64; Def.'s Resp. to Facts ¶ 64).

Plaintiff filed a Complaint [ECF No. 1] against Defendant on July 14, 2017. The operative pleading, Plaintiff's Third Amended Complaint [ECF No. 45], was filed on November 30, 2017. The Third Amended Complaint alleges four counts: (1) negligence (Count I); (2) fraud (Count II); (3) violation of Chapter 817.41, Florida Statutes (Count III); and (4) negligent misrepresentation (Count IV). (*See generally id.*). Plaintiff seeks summary judgment on Counts I, II, and III; while Defendant seeks summary judgment on all counts. (*See generally* Pl.'s Mot.; Def.'s Mot.).

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

At summary judgment, the moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Courts must consider the entire record and not just the evidence singled out by the parties. *See Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1570 (11th Cir. 1987). The non-moving party's presentation of a "mere existence of a scintilla of evidence" in support of its position is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 252.

If there are any factual issues, summary judgment must be denied and the case proceeds to trial. *See Whelan v. Royal Caribbean Cruises Ltd.*, No. 1:12-CV-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013) (citing *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981)). Even when the parties "agree on the basic facts, but disagree about the inferences that should be drawn from these facts[,]" summary judgment "may be inappropriate." *Id.* (alteration added; citation omitted). "If reasonable minds might differ on the inferences arising from undisputed facts, then . . . [c]ourt[s] should deny summary judgment." *Id.* (alterations added; citations omitted). Additionally, courts cannot weigh conflicting evidence. *See Skop v. City of*

*Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

### B. General Maritime Law

"General maritime law governs tort actions between a cruise line and its passengers." *Taiariol v. MSC Crociere, S.A.*, No. 0:15-CV-61131, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016) (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989)). Federal maritime law applies when: (1) the alleged tort occurred on navigable waters; (2) the incident has the potential to disrupt maritime commerce; and (3) the general activity giving rise to the incident has a substantial relationship to traditional maritime activity. *See Frasca v. NCL (Bah.), Ltd.*, 654 F. App'x 949, 951 (11th Cir. 2016) (citing *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 900 (11th Cir. 2004)).

### III. ANALYSIS

#### A. Count I — Negligence

Plaintiff argues she is entitled to summary judgment on her negligence claim because Defendant failed in its duty to warn her of the dangers of the Excursion's terrain, and this failure resulted in her injury. (*See* Pl.'s Mot. 4–11). For its part, Defendant insists it is entitled to summary judgment on Plaintiff's negligence claim because its rating of the tour was not an objective description, it repeatedly warned Plaintiff of the Excursion's strenuous nature, the conditions of the path were open and obvious, and any negligence on its part did not cause Plaintiff's injury. (*See* Def.'s Mot. 3–11).

"Under maritime law, the owner of a ship in navigable waters owes passengers a 'duty of reasonable care' under the circumstances." *Sorrels v. NCL (Bah.) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015) (citations omitted). To prevail in a maritime negligence claim, a plaintiff must

show: "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citations omitted).

Defendant admits it had a duty of "ordinary reasonable care under the circumstances" to protect Plaintiff by warning of "dangers of which [it] knows, or reasonably should have known." (Def.'s Mot. 4 (alteration added; internal quotation marks and citation omitted)). Defendant argues it fulfilled that duty because "Plaintiff [w]as [r]epeatedly [w]arned of the [s]hort [b]ut [s]trenuous [f]ootpath." (*Id.* (alterations added; emphasis omitted)). Plaintiff admits Defendant provided warnings, but argues the warnings were "inadequate" because they described the Excursion as a "moderate" activity. (*See* Pl.'s Mot. 6–9). Plaintiff and Defendant clearly disagree on whether Defendant's description of the Excursion as "moderate" was an adequate warning, and each party cites to facts from the record to support its interpretation of the warning.

For example, Plaintiff cites to testimony and declarations that the path required participants "to navigate, climb, and walk in between boulders that were several feet in height" (*id.* 6); and to "duck down and climb steep wooden ladders" (*id.* 7 (emphasis and internal quotation marks omitted)). Defendant cites to its marketing materials, arguing its description of the terrain as "rough and uneven" accurately conveys the Excursion's risks. (Def.'s Mot. 15). Defendant also points to the waiver Plaintiff signed and its description of "climbing on rocks and through the boulder trail." (Def.'s Facts ¶ 43; *see also* Def.'s Mot. 5). Finally, Defendant argues the danger to Plaintiff was "open and obvious," and therefore it had no duty to warn her. (Def.'s Mot. 9).

The Court will not decide on its own – effectively as the trier of fact – whether the description of the Excursion satisfied Defendant's duty to warn Plaintiff of dangers of which it knew or reasonably should have known. A clear dispute of material fact exists regarding the sufficiency of Defendant's marketing materials, as evidenced by the parties' submissions showing other cruise lines variously described similar excursions as moderate (*see* Def.'s Facts ¶¶ 28, 34); strenuous (*see* Pl.'s Facts ¶ 22; Def.'s Facts ¶¶ 30–31); or something else entirely (*see* Def.'s Facts ¶¶ 29, 32). "'Whether adequate efforts were made to communicate a warning to the ultimate user and whether the warning if communicated was adequate are uniformly held questions for the jury.'" *Magazine v. Royal Caribbean Cruises, Ltd.*, No. 12-23431-CIV, 2014 WL 1274130, at *4 (S.D. Fla. Mar. 27, 2014) (quoting *Stapleton v. Kawasaki Heavy Indus., Ltd.*, 608 F.2d 571, 573 (5th Cir. 1979)). Accordingly, the question of what language is sufficient to warn of the dangers of the Excursion is a factual matter for the jury to decide.

Defendant's argument the danger to Plaintiff was "open and obvious" is also insufficient to warrant summary judgment. As the undersigned has previously noted, "[i]n similar cruise ship cases where ship operators argued the plaintiffs were barred from recovery because the dangers were open and obvious, courts have found summary judgment inappropriate." *Geyer v. NCL (Bah.) Ltd.*, 204 F. Supp. 3d 1354, 1358 (S.D. Fla. 2016) (alteration added; citation omitted).

The many disputes of material fact present in this case render Defendant's citation to *Young v. Carnival Corp.* unavailing. (*See* Def.'s Mot. 7–8 (citing *Young v. Carnival Corp.*, No. 09-21949-CIV, 2011 WL 465366 (S.D. Fla. Feb. 4, 2011))). The parties cannot agree on whether Plaintiff was an experienced hiker, whether she understood the difficulty level of the terrain she would traverse, and whether she was partly responsible for her injury. (*See* Plaintiff's

Surreply [ECF No. 122] 2–3). With few undisputed facts on which to rely, the Court cannot say this case is so factually similar to *Young* that summary judgment is appropriate as a matter of law.

Moreover, even if the dangers posed by the Excursion were open and obvious, "[t]he fact a complained-of danger is open and obvious is not a total bar to recovery." *Pucci v. Carnival Corp.*, 146 F. Supp. 3d 1281, 1289 (S.D. Fla. 2015) (alteration added (citing *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1309 (S.D. Fla. 2011)). Summary judgment is accordingly denied as to Count I.

### B. Count II — Fraud

The Court looks to Florida law to determine the elements of fraud in a cruise ship personal injury case. *See Coastal Fuels Mktg., Inc. v. Fla. Exp. Shipping Co., Inc.*, 207 F.3d 1247, 1251 (11th Cir. 2000) ("[W]hen neither statutory nor judicially created maritime principles provide an answer to a specific legal question, courts may apply state law provided that the application of state law does not frustrate national interests in having uniformity in admiralty law." (alteration added; citations omitted)). "The elements [of] actionable fraud are (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation." *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1320 (M.D. Fla. 2002) (alteration added; citations omitted).

To prove Defendant made a false statement of material fact, Plaintiff argues Defendant's marketing materials contained "a false and woefully inadequate description of the Excursion" because they labeled the Excursion as moderate rather than strenuous. (Pl.'s Mot. 13). Defendant argues it merits summary judgment because the marketing materials are intended to

9

assist customers, "not to make true or false statements." (Def.'s Mot. 12). Both positions fail to persuade.

To start, the parties cannot even agree on who rated the Excursion as "moderate." Plaintiff alleges Defendant did so (*see* Pl.'s Facts ¶ 13); while Defendant states the Excursion "[was] marketed as 'moderate' at the request of the tour operator, Island Shipping and Trading Co., not Oceania" (Def.'s Resp. to Facts ¶ 13 (alteration added)). The meaning of the content of the marketing materials is also in dispute: Plaintiff interpreted the advertisement as describing "maybe little rocks you have to move over, climb over" (Pl.'s Facts ¶ 29); an interpretation Defendant states "ignores the description's plain language" (Def.'s Resp. to Facts ¶ 29).

Factual determinations about whether Defendant's marketing materials constitute a false statement are a matter for the jury, not the Court. Because the three remaining elements of fraud — knowledge, intent, and consequent injury — depend upon whether there truly was a "false statement concerning a material fact," *Stires*, 243 F. Supp. 2d at 1320, summary judgment is not appropriate.

### C. Count III — Misleading Advertising

Plaintiff's claim of misleading advertising arises under Section 817.41, Florida Statutes. "[T]o maintain a civil action for violation of the statute [a plaintiff must] prove each of the elements of common law fraud in the inducement, including reliance and detriment, in order to recover damages." *Joseph v. Liberty Nat'l Bank*, 873 So. 2d 384, 388 (Fla. 5th DCA 2004) (alteration added; citations omitted). A fraud-in-the-inducement claim requires a plaintiff allege: (a) the representor made a misrepresentation of a material fact; (b) the representor knew or should have known of the falsity of the statement; (c) the representor intended the representation

would induce another to rely and act on it; and (d) the plaintiff suffered injury in justifiable reliance on the representation. *See id.* (citations omitted).

Disputes of fact exist with respect to whether Defendant made a misrepresentation of material fact. Plaintiff relies on the Excursion ratings issued by Regent Seven Seas Cruises and Norwegian Cruise Line to argue Defendant's rating of "moderate" is a misrepresentation. (*See* Pl.'s Mot. 6). According to Defendant, its Excursion rating is not a misrepresentation because its ratings are not intended to represent any objective truth at all. (Def.'s Mot. 3). Defendant also argues the ratings of other operators of Virgin Gorda and the Baths excursions — including those of Carnival Cruise Line, Norwegian Cruise Line, and Shore Excursions Group — are similar to its "moderate" rating, indicating the rating is appropriate. (*See id.* 4; Def.'s Facts ¶¶ 19, 28, 34). The facts underlying these arguments are in dispute: for example, Defendant denies Plaintiff's assertion it uses the same rating system as Regent or NCL (*compare* Pl.'s Facts ¶¶ 17, 22; *with* Def.'s Resp. to Facts ¶¶ 17, 22); while Plaintiff disputes Defendant's contention the Excursion ratings of Celebrity Cruises, Disney Cruise Line, and Silversea are comparable to Defendant's own (*compare* Def.'s Facts ¶¶ 31–33; *with* Pl.'s Resp. to Facts ¶¶ 31–33).

The parties also dispute numerous other material facts regarding the first element of Plaintiff's claim of misleading advertising, including (1) how much effort was required for the Excursion (*compare* Def.'s Facts ¶¶ 13, 48, *with* Pl.'s Facts ¶ 29); (2) who was responsible for the rating (*compare* Pl.'s Facts ¶ 8, *with* Def.'s Facts ¶ 20); and even (3) the size of the "boulders" on the trail (*compare* Pl.'s Facts ¶ 38, *with* Def.'s Resp. to Facts ¶ 38). As with a claim for fraud, the Court cannot analyze the last three elements of misleading advertising without determining whether Defendant made a misrepresentation of a material fact. *See Joseph*,

873 So. 2d at 388. Because disputes of material fact remain with respect to whether Defendant's advertisements were misleading, summary judgment is denied as to Count III.

### D. Count IV — Negligent Misrepresentation

To prove a claim for negligent misrepresentation under Florida law, "a plaintiff must demonstrate (1) misrepresentation of a material fact; (2) that the representor made the misrepresentation without knowledge as to its truth or falsity or under circumstances in which he ought to have known of its falsity; (3) that the representor intended that the misrepresentation induce another to act on it; and (4) that injury resulted to the party acting in justifiable reliance on the misrepresentation." *Fojtasek v. NCL (Bah.) Ltd.*, 613 F. Supp. 2d 1351, 1355 (S.D. Fla. 2009) (citing *Wallerstein v. Hosp. Corp. of Am.*, 573 So. 2d 9, 10 (Fla. 4th DCA 1990)).

The first element of a negligent misrepresentation claim is identical to the first element of a claim for misleading advertising. *See Balaschak v. Royal Caribbean Cruises, Ltd.*, No. 09-21196-CIV, 2009 WL 8659594, at *7–8 (S.D. Fla. Sept. 14, 2009). Thus, the same disputed facts precluding summary judgment on Plaintiff's misleading advertising claim apply to the negligent misrepresentation claim as well. Accordingly, summary judgment is denied as to Count IV.

## IV. CONCLUSION

The competing summary judgment motions and briefing are replete with disputed material facts. Why the parties filed them is unclear, other than perhaps to advocate their competing positions to the Court in anticipation of presenting them to the jury at trial. For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment [**ECF No. 79**] is **DENIED**.

2. Defendant's Motion for Summary Judgment [**ECF No. 74**] is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 30th day of May, 2018.

                                                                                *[signature]*

                                                                **CECILIA M. ALTONAGA**
                                                                **UNITED STATES DISTRICT JUDGE**

cc:     counsel of record